

FILED
CLERK, U.S. DISTRICT COURT

MAY – 8 2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE ARRELLANO,<br><br>Defendant. | • Case No.  CR 25-0004-MCS<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

## I.

On May 8, 2026, Defendant Jesse Arellano made his initial appearance on the petition for revocation of supervised release, dated April 14, 2026, and warrant for arrest issued on April 15, 2026.  Deputy Federal Public Defender ("DFPD") Laura Paul specially appeared for DFPD Elena Sadowsky who was appointed to represent Defendant.  The government was represented by Assistant U.S. Attorney Sebastian Bellm. A detention hearing was held.

## II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A.    ☒    Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)].  This finding is based on:

☒ the petition alleges that Defendant violated the conditions of supervised release by (1) failing to report a change of residence; (2) failing to report, as directed, to the Probation Officer on March 24, 2026 and April 2, and 6, 2026; and (3) using methamphetamine on or about March 13, 18, and 31, 2026.

☒ poor history of compliance while on supervised release, including prior supervised release revocation in 2025.

B.    ☒    Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)].  This finding is based on:

☒ allegations in the petition (see above);

☒ criminal conduct while on supervised release, including conviction for vehicle theft, and probation violation in 2025

☒ criminal history

## III

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: May 8, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE